**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| David Gordon Oppenheimer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Christopher Engelmann, | ) | Case No: 1:23-cv-14792 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys at ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendant Christopher Engelmann ("Engelmann" or "Defendant"), alleges:

**NATURE OF THE ACTION**

1.      This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, as well as for knowing removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA").

**THE PARTIES**

2.      Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3.      Upon information and belief, Engelmann is an individual who is actively engaged in business as a real estate broker and resides in Cook County, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendant is subject to the exercise of jurisdiction of this Court. Specifically, Defendant is domiciled in this District, is a licensed real estate agent with the Illinois Department of Financial and Professional Regulation, and, upon information and belief, Defendant's actions giving rise to Plaintiff's claims occurred within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

7. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

8. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

9. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

10. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

**Oppenheimer Creates, Registers, and Publishes the Photograph**

11.     In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of the Sydney Marovitz Golf Course ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the aerial view.

12.     The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "Sydney_R_Marovitz_Golf_Course_aerial_Chicagodsc_0992.jpg" – is registered with the United States Copyright Office as part of the collection *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

13.     After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. Copyright management information ("CMI") in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights

Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© 2015 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" button makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

14.     Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

15.     Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

16.     Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**<u>Defendant Uses the Photograph Without Authorization</u>**

17.     Upon information and belief, in 2018, Defendant obtained the published version of the Photograph, modified the Photograph (including by cropping the Photograph to remove Oppenheimer's CMI), and incorporated the modified version of the Photograph into a promotional

video entitled "Uptown Real Estate Tour" ("Video"). The slightly modified version of the Photograph appeared on screen in the Video for twenty-three (23) seconds, during which Engelmann narrated the merits and features of the Uptown neighborhood of Chicago, including the Sydney Marovitz Golf Course, stores available near the Wilson CTA stop, Truman College, and the Walt Disney Magnet School. The Video did not contain any commentary or criticism about the Photograph itself.

18.     Engelmann's inclusion of the Photograph into the Video caused the reproduction, distribution, and/or display of the modified version of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.facebook.com/ChrisFindsAPlace/videos/
- https://www.facebook.com/watch/?v=291946761614273
- https://scontent.fymy1-1.fna.fbcdn.net/v/t15.13418-10/p168x128/38544189_303913190360300_4468828018818678784_n.jpg?_nc_cat=107&_nc_sid=08861d&_nc_ohc=B8-ypXE_lR0AX_A-oo0&_nc_ht=scontent.fymy1-1.fna&oh=f2f9f2dfd66f8d563ee3819fd31e2907&oe=5F885FCE
- https://www.facebook.com/0eeb552a-35c3-4258-b12e-2059728785ec
- http://www.findglocal.com/US/Chicago/145078656096541/Chris-Engelmann%2C-Real-Estate-Broker-with-Redfin

19.     The Photograph was also used as the cover display preview image for the Video on multiple Infringing URLs.

20.     Upon information and belief, Defendant or a third party at the direction of Defendant proceeded to publish the Video (inclusive of the Photograph) at the Infringing URLs to promote and advertise Engelmann's real estate brokerage services. True and correct copies of screenshots of the displays of the Photograph at the Infringing URLs are attached hereto as Exhibit D.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement Under 17 U.S.C. § 501

21.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–20 of this Complaint.

22.     Plaintiff owns the exclusive rights to the copyright-protected Photograph.

23.     Upon information and belief, Defendant caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

24.     Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

25.     Defendant acted with willful disregard of the laws protecting Plaintiff's copyright.

26.     Defendant infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

27.     Plaintiff has sustained and will continue to sustain substantial damages in an amount not yet fully ascertainable.

28.     Plaintiff is informed, believes, and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Photograph.

29.     In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendant of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

30.     Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendant, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## Violations of Section 1202 of the DMCA

31.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–30 of this Complaint.

32.     Plaintiff's published version of the Photograph contained CMI in embedded metadata within the digital file of the Photograph, which includes proper notices of copyright and identifying the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2015 David Oppenheimer" on the face of the Photograph and also in an adjacent caption where published.

33.     Upon information and belief, Defendant, or third parties at Defendant's direction and behest (discovery will reveal which), violated the DMCA by intentionally removing the Photograph's CMI, and distributing and displaying the Photograph with the CMI removed, having reasonable grounds to know that such actions would induce, enable, facilitate, and/or conceal their infringing activities.

34.     Such actions further demonstrate Defendant's willful infringement of the Photograph.

35.     The aforesaid actions, including without limitation, the copy of the Photograph that was reproduced, distributed, and/or displayed at each of the Infringing URLs, constitute violations of Section 1202(b) of the Copyright Act. More specifically, all instances of removal or alteration of the Photograph's CMI by Defendant or at Defendant's behest resulted in a separate violation of Section 1202(b)(1), and each instance of distribution and display of the Photograph without CMI resulted in a separate violation of Section 1202(b)(2).

36.     Upon information and belief, Defendant knew or had reasonable grounds to know that by concealing the Plaintiff's CMI, that Defendant would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's Photograph.

37.     Upon information and belief, Defendant intentionally or knowingly concealed the Plaintiff's CMI as aforesaid, in order to conceal that Defendant's uses of the Photograph was without the authorization of Plaintiff and in violation of law.

38.     As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

39.     As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

40.     Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows.

1.     Pursuant to 17 U.S.C. § 502, that Defendant and Defendant's agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without

limitation, reproducing, distributing, displaying, performing, or making derivative works of the Photograph;

2.   That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Photograph;

3.   Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from the Defendant's acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendant be required to pay statutory damages up to $150,000 for each work infringed for Defendant's acts of copyright infringement and, in the event that the factfinder determines that Defendant's infringement was not willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed by the Defendant;

4.   Pursuant to 17 U.S.C. § 1203(c)(2), that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from any and all of the Defendant's violations of Plaintiff's rights under the DMCA; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 1203(c)(3)(B), that Plaintiff be awarded the maximum statutory damages of $25,000 for each individual § 1202 violation of the DMCA;

5.   Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)–(5), Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

6.   Such other and further relief as the Court shall find just and proper.

Dated: October 11, 2023

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: _____/s/ Ilya G. Zlatkin_____
Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff David Gordon Oppenheimer*