IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER**, *Plaintiff*, v. **CHRISTOPHER ENGELMANN**, *Defendant*. | Case No. 1:23-cv-014792  Judge Martha M. Pacold  Magistrate Judge Beth W. Jantz |

### DEFENDANT CHRISTOPHER ENGELMANN'S ANSWER

Defendant, CHRIS ENGELMANN, by and through his attorney, Mason Cole at the law firm Cole Sadkin, LLC, for his Answer to Complaint filed by DAVID GORDON OPPENHEIMER, states as follows:

### NATURE OF THE ACTION

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, as well as for knowing removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA").

**ANSWER:** **The allegations contained in paragraph 1 contain a legal conclusion. To the extent a response is necessary, Defendant denies.**

### THE PARTIES

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

1

**ANSWER:** **Defendant does not have the information to confirm or deny.**

3. Upon information and belief, Engelmann is an individual who is actively engaged in business as a real estate broker and resides in Cook County, Illinois.

**ANSWER:** **Admit.**

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** **Admit.**

5. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendant is subject to the exercise of jurisdiction of this Court. Specifically, Defendant is domiciled in this District, is a licensed real estate agent with the Illinois Department of Financial and Professional Regulation, and, upon information and belief, Defendant's actions giving rise to Plaintiff's claims occurred within this District.

**ANSWER:** **Admit.**

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**ANSWER:** **Admit.**

## FACTUAL ALLEGATIONS

7. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

**ANSWER:** **Defendant does not have the information to confirm or deny.**

8. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton,

Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

**ANSWER:** **Defendant does not have the information to confirm or deny.**

9. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

**ANSWER:** **Defendant does not have the information to confirm or deny.**

10. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

**ANSWER:** **Defendant does not have the information to confirm or deny.**

### Oppenheimer Creates, Registers, and Publishes the Photograph

11. In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of the Sydney Marovitz Golf Course ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the aerial view.

**ANSWER:** **Defendant does not have the information to confirm or deny.**

12. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "Sydney_R_Marovitz_Golf_Course_aerial_Chicagodsc_0992.jpg" – is registered with the United States Copyright Office as part of the collection *Chicago Travel and*

3

*Aerial Photographs Including The Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

**ANSWER: Defendant does not have the information to confirm or deny. The allegations contained in paragraph 12 contain a legal conclusion. To the extent a response is necessary, Defendant denies.**

13. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. Copyright management information ("CMI") in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© 2015 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" button makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published

4

version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

**ANSWER:    Defendant does not have the information to confirm or deny.  The allegations contained in paragraph 13 contain a legal conclusion.  To the extent a response is necessary, Defendant denies.**

14.    Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

**ANSWER:    Defendant does not have the information to confirm or deny.  The allegations contained in paragraph 14 contain a legal conclusion.  To the extent a response is necessary, Defendant denies.**

15.    Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

**ANSWER:    Defendant does not have the information to confirm or deny.  The allegations contained in paragraph 15 contain a legal conclusion.  To the extent a response is necessary, Defendant denies.**

16.    Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**ANSWER:    Defendant does not have the information to confirm or deny.  The allegations contained in paragraph 16 contain a legal conclusion.  To the extent a response is necessary, Defendant denies.**

**Defendant Uses the Photograph Without Authorization**

17. Upon information and belief, in 2018, Defendant obtained the published version of the Photograph, modified the Photograph (including by cropping the Photograph to remove Oppenheimer's CMI), and incorporated the modified version of the Photograph into a promotional video entitled "Uptown Real Estate Tour" ("Video"). The slightly modified version of the Photograph appeared on screen in the Video for twenty-three (23) seconds, during which Engelmann narrated the merits and features of the Uptown neighborhood of Chicago, including the Sydney Marovitz Golf Course, stores available near the Wilson CTA stop, Truman College, and the Walt Disney Magnet School. The Video did not contain any commentary or criticism about the Photograph itself.

**ANSWER: Defendant does not have the information to confirm or deny. Defendant cannot recall where the photograph was obtained, but believes it was obtained through a public access search through Google Images, Flickr, or similar photo-sharing site. Defendant cannot recall if he cropped or altered the photograph after obtaining it. This was the Defendant's first year in the real estate business.**

18. Engelmann's inclusion of the Photograph into the Video caused the reproduction, distribution, and/or display of the modified version of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.facebook.com/ChrisFindsAPlace/videos/
- https://www.facebook.com/watch/?v=291946761614273
- https://scontent.fymy1-1.fna.fbcdn.net/v/t15.13418-10/p168x128/38544189_303913190360300_4468828018818678784_n.jpg?_nc_cat=107&_nc_sid=08861d&_nc_ohc=B8-ypXE_lR0AX_Aoo0&_nc_ht=scontent.fymy1-

1.fna&oh=f2f9f2dfd66f8d563ee3819fd31e2907&oe=5F885FCE

• https://www.facebook.com/0eeb552a-35c3-4258-b12e-2059728785ec •

http://www.findglocal.com/US/Chicago/145078656096541/Chris Engelmann%2C-Real-Estate-Broker-with-Redfin

**ANSWER: Defendant does not have the information to confirm or deny. Defendant has only posted the video to his Facebook real estate page and did not initiate, authorize, and was otherwise unaware of any reproduction or display of the video elsewhere. To Defendant's knowledge he has never been previously contacted in relation to other URLs. Defendant has had very few business contacts through the Facebook real estate page in general whether or not related to the video. Defendant suspects other URLS have also had little online traffic or viewing while active as the Defendant has not previously been aware of them.**

19. The Photograph was also used as the cover display preview image for the Video on multiple Infringing URLs.

**ANSWER: Defendant does not have the information to confirm or deny. Defendant only posted the video to his Facebook real estate page and did not have control over which image was selected as a previous image either on Facebook or other URLs repeating the post without notification or consent. The video as created by the Defendant had a title page that did not include the golf course image. Defendant cannot see whether the image was the cover photo on the Facebook real estate page since the video was taken down since notification, if not sooner.**

20. Upon information and belief, Defendant or a third party at the direction of Defendant proceeded to publish the Video (inclusive of the Photograph) at the Infringing URLs

to promote and advertise Engelmann's real estate brokerage services. True and correct copies of screenshots of the displays of the Photograph at the Infringing URLs are attached hereto as Exhibit D.

**ANSWER: Defendant does not have the information to confirm or deny. The video was only ever posted by Defendant on his Facebook real estate page and is believed to have been taken down more than a year prior to this action- Defendant has not been able to confirm the actual date of removal with Facebook. Neither this video nor other videos featuring other neighborhoods that were made around the same time were found in the page's video collections upon notification, and the Defendant believes they were removed in 2019 because they were deemed not helpful for promotion or branding due to low quality, obsolete market data, and no longer had Defendant's current real-estate affiliation. None of the listed URLs were found to show to video upon notification and many URLs were no longer active.**

## FIRST CLAIM FOR RELIEF
### Copyright Infringement Under 17 U.S.C. § 501

21. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–20 of this Complaint.

**ANSWER:**

22. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

**ANSWER: Defendant does not have the information to confirm or deny.**

23. Upon information and belief, Defendant caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

**ANSWER: Defendant admits he utilized the subject Photograph. Defendant denies that the Photograph was copied or displayed because of the limited viewing of the Photograph, if any.**

24. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

**ANSWER: Defendant admits the Photograph was utilized without the consent of Plaintiff. Defendant denies knowledge that said permission or license was known to be needed.**

25. Defendant acted with willful disregard of the laws protecting Plaintiff's copyright.

**ANSWER: Defendant denies the allegations contained within paragraph 25.**

26. Defendant infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

**ANSWER: Paragraph 26 calls for a legal conclusion. To the extent a response is necessary, Defendant denies the allegations contained within paragraph 26.**

27. Plaintiff has sustained and will continue to sustain substantial damages in an amount not yet fully ascertainable.

**ANSWER: Defendant does not have the information to confirm or deny. To the extent a response is necessary, Defendant denies.**

28. Plaintiff is informed, believes, and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Photograph.

**ANSWER: Paragraph 28 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

29. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendant of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

**ANSWER: Paragraph 29 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

30. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendant, pursuant to 17 U.S.C. § 505.

**ANSWER: Paragraph 30 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

## SECOND CLAIM FOR RELIEF
### Violations of Section 1202 of the DMCA

31. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–30 of this Complaint.

**ANSWER:**

32. Plaintiff's published version of the Photograph contained CMI in embedded metadata within the digital file of the Photograph, which includes proper notices of copyright and identifying the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2015 David Oppenheimer" on the face of the Photograph and also in an adjacent caption where published.

10

**ANSWER: Defendant does not have the information to confirm or deny. Defendant no longer has the source photograph and does not recall where the source photograph was from.**

33. Upon information and belief, Defendant, or third parties at Defendant's direction and behest (discovery will reveal which), violated the DMCA by intentionally removing the Photograph's CMI, and distributing and displaying the Photograph with the CMI removed, having reasonable grounds to know that such actions would induce, enable, facilitate, and/or conceal their infringing activities.

**ANSWER: Defendant does not have the information to confirm or deny. Defendant no longer has the source photograph and does not recall where the source photograph was from.**

34. Such actions further demonstrate Defendant's willful infringement of the Photograph.

**ANSWER: Defendant denies the allegations in Paragraph 34.**

35. The aforesaid actions, including without limitation, the copy of the Photograph that was reproduced, distributed, and/or displayed at each of the Infringing URLs, constitute violations of Section 1202(b) of the Copyright Act. More specifically, all instances of removal or alteration of the Photograph's CMI by Defendant or at Defendant's behest resulted in a separate violation of Section 1202(b)(1), and each instance of distribution and display of the Photograph without CMI resulted in a separate violation of Section 1202(b)(2).

**ANSWER: Paragraph 35 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

36. Upon information and belief, Defendant knew or had reasonable grounds to know that by concealing the Plaintiff's CMI, that Defendant would induce, enable, facilitate, or conceal

11

Defendant's infringement of Plaintiff's Photograph.

**ANSWER: Paragraph 36 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

37. Upon information and belief, Defendant intentionally or knowingly concealed the Plaintiff's CMI as aforesaid, in order to conceal that Defendant's uses of the Photograph was without the authorization of Plaintiff and in violation of law.

**ANSWER: Paragraph 37 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

38. As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

**ANSWER: Paragraph 38 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

39. As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

**ANSWER: Paragraph 39 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

40. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

**ANSWER: Paragraph 40 calls for a legal conclusion. To the extent a response is necessary, Defendant denies.**

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in favor of any amount whatsoever and prays for judgment in his favor and against Plaintiff as to all relief sought.

Dated: February 29, 2024               Respectfully submitted,

                                       /s/ Mason S. Cole
                                       One of Defendant's attorneys

**COLE SADKIN, LLC**
Mason S. Cole, ARDC# 6307727
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
colesadkin.com
(312) 548-8610
mcole@colesadkin.com